FILED
United States Court of Appeals
Tenth Circuit

March 14, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

---

DARRELL ROBERT JOHNSON,

Petitioner - Appellant,

v.

JIM KEITH, Warden,

Respondent - Appellee.

No. 12-5099
(D.C. No. 4:08-CV-00691-JHP-PJC)
(N. D. Okla.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **HARTZ**, **ANDERSON,** and **MURPHY**, Circuit Judges.

---

Proceeding *pro se*, Darrell Robert Johnson seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Johnson has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

A Tulsa County, Oklahoma jury convicted Johnson of unlawful possession of paraphernalia and trafficking in illegal drugs after two or more previous convictions. He was sentenced to life in prison without the possibility of parole.

After considering the eight challenges Johnson raised on direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentence in an unpublished opinion. Johnson then filed an application for post-conviction relief with the Oklahoma district court. The state district court denied Johnson's post-conviction application and the OCCA affirmed the denial of post-conviction relief on October 15, 2008.[1]

Johnson filed the instant § 2254 habeas petition on October 23, 2008, and filed an amended petition on January 20, 2009. In his amended petition, Johnson raised fourteen claims of error. The district court first addressed the claims previously adjudicated by the Oklahoma courts, including: (1) a due process and equal protection claim arising from the denial of a *Batson* challenge; (2) due process claims arising from the trial court's refusal to give a lesser included instruction and failure to define reasonable doubt; (3) a due process claim arising from the admission of other crimes evidence; (4) a challenge to the constitutionality of Oklahoma's drug trafficking statute; (5) Eighth Amendment challenges to his sentence and the trial court's refusal to allow him to present mitigating evidence during sentencing; and (6) claims of ineffective assistance of appellate counsel. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court denied Johnson relief

---

[1]Johnson's state appellate brief identified seven issues, including a claim that each of the issues he raised "must be addressed on its legal merits."

on these claims, concluding he failed to demonstrate the Oklahoma courts' adjudication of the claims was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence.[2]  28 U.S.C. § 2254(d).

The court then addressed Johnson's claims that (1) he is factually innocent; (2) his right to due process and equal protection were violated when he was not allowed to confront his accuser, was convicted by a defective information sheet, was denied a hearing on a claimed conflict of interest; and was subjected to arbitrary and capricious state appellate and post-conviction procedures; and (3) his rights to due process and equal protection were violated by the ineffectiveness of his trial attorney.  The court concluded these claims were all procedurally defaulted in Oklahoma state court and the state procedural bar was independent and adequate.  Accordingly, it concluded it was procedurally barred from considering the claims because Johnson failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

---

[2]The district court correctly recognized that Johnson's claim the trial court erred by failing to give a lesser included offense instruction is not cognizable in a federal habeas petition because neither this court nor the Supreme Court has recognized a federal constitutional right to a lesser included instruction in non-capital cases.  *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

This court cannot grant Johnson a COA unless he can demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Johnson has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Johnson is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Johnson's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Johnson is not entitled to a COA. Rather than address the bases on which the district court denied relief on his claims, Johnson has merely attached a document he identifies as the brief he filed with the OCCA when he pursued his state direct appeal. Thus, he has wholly failed to demonstrate that the district court's resolution of his claims is reasonably subject to debate or the claims are adequate to deserve further proceedings.

Because Johnson has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Johnson's request for a COA and **dismisses** this appeal. Johnson's motion to proceed *in forma pauperis* on appeal is **denied** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge